PD-0123-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/8/2015 12:24:07 PM
Accepted 6/8/2015 1:35:35 PM
ABEL ACOSTA
CLERK

# No. PD-0123-15

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

JAMES FERNANDEZ,
**Appellant**

v.

THE STATE OF TEXAS,
**Appellee**

*From the Fourth Court of Appeals in San Antonio, Texas*
*Cause 04-14-00039-CR*
*and*
*the 83rd Judicial District Court*
*of Val Verde County, Texas*
*Cause No. 12716CR*

## BRIEF ON THE MERITS

**James Gerard McDermott, II**
**8140 N. Mopac**
**Westpark 4, Suite 250**
**Austin TX 78759**
**512.201.4083**
**512.298.1129 (facsimile)**
james@centraltexaslawyers.com
*Attorney for Appellant*

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Hon. Stephen Ables
Kerr County Courthouse
700 Main Street, Second Floor
Kerrville, Texas 78028

**APPELLANT**
James Fernandez

**APPELLANT'S ATTORNEYS AT TRIAL**

Daniel A. Sanchez
State Bar No. 24004064
Law Offices of Daniel A. Sanchez
501 E. Tyler Avenue
Harlingen TX 78550

Robert Garza
State Bar No. 07742800
Law Offices of Robert Garza
2116 Avenue F, Suite 5
Del Rio TX 78840

**APPELLANT'S ATTORNEY ON APPEAL**
James Gerard McDermott, II
State Bar No. 24041438
Thompson Salinas Rickers & McDermott, LLP
8140 N. Mopac
Westpark 4, Suite 250
Austin TX 78759

**APPELLEE**
The State of Texas

**APPELLEE'S ATTORNEY AT TRIAL
& AT THE COURT OF APPEALS**
Lance Kutnick
State Bar No. 00791058
Assistant Attorney General
District Attorney Pro Tem
Office of the Attorney General
PO Box 12548
Austin TX 78711

**APPELLEE'S ATTORNEY AT THE
COURT OF CRIMINAL APPEALS**
Melissa Hargis
State Bar No. 24055766
Assistant Attorney General
District Attorney Pro Tem
Office of the Attorney General
PO Box 12548
Austin TX 78711

# TABLE OF CONTENTS

| | |
|---|---|
| LIST OF PARTIES | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF AUTHORITIES | iv |
| STATEMENT REGARDING ORAL ARGUMENT | 1 |
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF PROCEDURAL HISTORY | 1 |
| QUESTION PRESENTED FOR REVIEW | 2 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 5 |
| PRAYER | 9 |
| CERTIFICATE OF COMPLIANCE | 10 |
| CERTIFICATE OF SERVICE | 10 |

## TABLE OF AUTHORITIES

**CASES**

| | |
|---|---|
| *Daugherty v. State*, 387 S.W.3d 654 (Tex. Crim. App. 2013) | 6, 8 |
| *Ehrhardt v. State*, 334 S.W.3d 849 (Tex. App.—Texarkana 2011, pet. ref'd) | 5 |
| *Fernandez v. State*, 2014 Tex. App. LEXIS 13868 (Tex. App.—San Antonio Dec. 31, 2014) | 6-7 |
| *Geick v. State*, 349 S.W.3d 542 (Tex. Crim. App. 2011) | 5 |
| *In re Fernandez*, 2015 Tex. Crim. App. LEXIS 581 (Tex. Crim. App. May 13, 2015) | 1, 2 |
| *Merryman v. State*, 391 S.W.3d 261(Tex. App.—San Antonio 2012, no pet.) | 6 |

**CODES AND RULES**

| | |
|---|---|
| TEX. PEN. CODE § 12.21 | 1 |
| TEX. PEN. CODE § 31.01(1) | 1, 7 |
| TEX. PEN. CODE § 31.01(1)(B) | 7 |
| TEX. PEN. CODE § 31.01(3)(A) | 1, 6, 8 |
| TEX. PEN. CODE § 31.03(a) | 1, 6 |
| TEX. PEN. CODE § 31.03(b)(1) | 1, 6 |
| TEX. PEN. CODE § 31.03(e)(2) | 1 |
| TEX. PEN. CODE § 31.03(f)(1) | 1 |

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

COMES NOW Appellant, James Fernandez, and submits this brief on the granted petition for discretionary review from an opinion and judgment from the Fourth Court of Appeals that affirmed a judgment of conviction in the 83rd Judicial District Court of Val Verde County, Stephen B. Ables, presiding.

## STATEMENT REGARDING ORAL ARGUMENT

The Court has denied Appellant's request for oral argument.

## STATEMENT OF THE CASE

At the conclusion of a jury trial, Appellant was convicted of the offense of theft by deception by a public servant. CR 6-7, 156, 166; RR5: 72; *see* TEX. PEN. CODE §§ 31.01(1), (3)(A); 31.03(a), (b)(1), (f)(1). The trial court sentenced Appellant to 90 days' confinement in the county jail, suspended the sentence, placed him on community supervision for 90 days, and ordered payment of restitution. CR 166; RR5: 112. *See* TEX. PEN. CODE §§ 12.21, 31.03(e)(2), (f)(1). On appeal, the Fourth Court of Appeals affirmed the conviction. Appellant filed a petition for discretionary review, raising two issues. This Court granted review on one issue. *In re Fernandez*, 2015 Tex. Crim. App. LEXIS 581 (Tex. Crim. App. May 13, 2015).

## STATEMENT OF PROCEDURAL HISTORY

This case arises from Cause 04-14-00039-CR from the Fourth Court of Appeals in San Antonio, Texas. The Court of Appeals issued its opinion on December 31, 2014, and affirmed the conviction. Appellant filed no motion for rehearing. Appellant filed the petition for discretion on March 2, 2015, which this Court granted on his first question only. *In re Fernandez*, 2015 Tex. Crim. App. LEXIS 581 (Tex. Crim. App. May 13, 2015).

## QUESTION PRESENTED FOR REVIEW

**In affirming a conviction for theft by deception, did the Court of Appeals err in finding evidence of deception when the record shows only lack of actual consent? In other words, and consistent with the language of the statute, may deception only be proven when the record shows actual consent that was induced by deception but not when the record shows lack of actual consent?**

## STATEMENT OF FACTS

The Statement of Facts contained in the opinion of the Court of Appeals omitted some important details. Thus, Appellant presents a more complete recitation here.

Appellant was Justice of the Peace for Precinct 4 in Val Verde County. RR4: 25, 65. Appellant and another Val Verde justice of the peace, Joey Gonzalez, planned to attend a conference in Orlando, Florida from June 20 to June 24, 2012. RR4: 26; SX 1, 2. On February 6, 2012, Veronica Mojica, Appellant's chief deputy clerk, bought tickets on Southwest Airlines for Appellant to travel to the

conference. RR4: 24-27, 159; SX 2. She used a county credit card issued to Appellant to pay the $381.60 cost. RR4: 29-30, 49; SX 2.

In June, Appellant and Judge Gonzalez both fell ill. RR4: 30-31, 42-43, 161. Appellant instructed Mojica to cancel the trip. RR4: 30-31. She cancelled the flight on June 11 and the conference registration on June 12. RR4: 31, 46, 159. The conference registration fee was refunded. RR4: 31. The Southwest Airlines ticket and the funds used to purchase it were nonrefundable and nontransferable, purchased in accordance with County procedure to purchase such lower-cost tickets to save County money. RR4: 42-43, 61, 62, 107, 159, 309; SX 2. Southwest Airlines did not refund the ticket but issued a credit to Appellant for use in a future purchase, which could not be redeemed by anyone except Appellant. RR4: 42-43, 160, 311-19; SX 2. That credit was set to expire on February 4, 2013, if left unused by Appellant. RR4: 62, 160; SX 2. Mojica informed the County Auditor's office of the cancellation and credit. RR4: 161.

About two months later, in August 2012, Appellant asked Mojica for the reservation number for the Southwest Airlines flight. RR4: 32. He requested that she call his son to give him the number, which she did. RR4: 33. On August 8, Appellant booked a ticket to Phoenix on Southwest Airlines using the previous reservation number. RR4: 91; SX 2. He also traveled on that ticket on the same day. RR4: 47, 91; SX 2. The new itinerary cost $129.00 more than the Orlando ticket, and Appellant paid the difference from his own credit card. RR4: 47-48; SX

3

2. No county business was scheduled in Phoenix for August 2012, and Appellant did not claim he was conducting any County business in Phoenix through a new purchase order to the County. RR4: 47-48, 51. He did not request or receive approval from any other County official to use the voucher. RR4: 148.

Frank Lowe, the county auditor, knew in June 2012 that (1) Appellant and Judge Gonzalez bought airplane tickets to go to Orlando, (2) both cancelled the trip when Judge Gonzalez had gotten ill, and (3) the tickets were nontransferable and nonrefundable. RR4: 42-43, 87, 95-96, 161, 309; SX 2. Two months later, in August, Lowe was reviewing each county office's past fiscal-year expenses in preparation for the County budget process. RR4: 35, 41. He noticed that travel expenses were reaching the budget limit, and so he reviewed expenditures more closely. RR4: 42. He directed a member of his staff to contact Southwest Airlines to ask that, because Val Verde County is a local government entity, they make an exception to the nonrefundable-ticket policy. RR4: 44, 92, 95, 96. He then found out that the credit had been used. RR4: 96.

Lowe then spoke to the Val Verde County Attorney, who then contacted the Office of the Attorney General. RR4: 51-52, 54, 91, 98, 103-04, 151, 184, 202, 280, 321, 322-23. On August 27, he informed the Val Verde County Commissioners Court of his investigation. RR4: 54, 99, 176, 324-26. Appellant attempted to make restitution through both the Auditor and the County Attorney, which was refused. RR4: 51-52, 64-65, 74-76, 89, 276-77, 280-88; DX1, 4.

4

## ARGUMENT

### QUESTION PRESENTED

**In affirming a conviction for theft by deception, did the Court of Appeals err in finding evidence of deception when the record shows only lack of actual consent? In other words, and consistent with the language of the statute, may deception only be proven when the record shows actual consent that was induced by deception but not when the record shows lack of actual consent?**

Here, the indictment alleged theft by deception.[1] CR 6. Thus, the State's burden in this case was to prove that Appellant used the Southwest Airlines credit without effective consent and that the lack of "effective consent" was due to Appellant's deception.[2] However, the record in this case establishes that Appellant did not obtain consent to use the credit.[3] He could not have used any deception to induce a consent that was never given.

Theft is an unlawful appropriation. TEX. PEN. CODE § 31.03(a). An appropriation is unlawful if it is without the owner's effective consent. *Id*. §31.03(b)(1). Consent is not effective if it induced by deception. *Id*. §31.03(3)(A).

To "induce" means "to bring about, produce, or cause." *Ehrhardt v. State*, 334 S.W.3d 849, 853 (Tex. App.—Texarkana 2011, pet. ref'd). That consent is

---

[1] Because the State alleged deception in the indictment, deception is an essential element of the offense. *See Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011).

[2] Appellant's Brief to Court of Appeals, 19.

[3] Appellant's issue at the Court of Appeals was the sufficiency of the evidence for the element of deception. Appellant's Brief to Court of Appeals, 2, 15-20.

induced by deception means "that the victim relied on the defendant's deceptive act when giving his consent." *Daugherty v. State*, 387 S.W.3d 654, 659 n.18 (Tex. Crim. App. 2013) (internal citations omitted). The reliance "must be a substantial or material factor in the decision-making process." *Id*. n.18 (internal citations omitted). "The distinguishing feature between lawful acquisitive conduct from theft is the intent to acquire without effective consent at the time of the deprivation." *Merryman v. State*, 391 S.W.3d 261, 271 (Tex. App.—San Antonio 2012, no pet.). Thus, the timing is of vital importance. For deception to be relevant for a conviction of theft, the deception must be committed before or in conjunction with the consent. Otherwise, the deception cannot be "a substantial or material factor" in the decision to give consent.

In this case, Appellant received consent to appropriate the County funds on Feb. 6, 2012. RR4: 24-30, 159; SX 2. The Court of Appeals found that Appellant "created an impression of fact that the tickets would be used to go to Orlando on approved county business." *Fernandez v. State*, 2014 Tex. App. LEXIS 13868 at *13 (Tex. App.—San Antonio Dec. 31, 2014). That was true at the time; Appellant received consent to buy the tickets to attend the conference. There is no evidence that Appellant deceived the County when the County consented to the purchase of the ticket. The Court of Appeals noted that Appellant "later caused those tickets to be cancelled, resulting in a credit." *Id*. at *13-14. This is also correct. There is no evidence that Appellant deceived the County at that time. Appellant informed the

6

County of the cancellation, and there is no issue in this case about the need to obtain any consent to cancel. *See* RR4: 42-43, 87, 95-96, 161, 309; SX 2.

According to the Court of Appeals, Appellant committed deception in August. *Fernandez*, 2014 Tex. App. LEXIS 13868, at *13. The Court reasoned that Appellant made a (correct, non-deceptive) impression of fact in February that the ticket would be used for County business, which induced consent; that in August Appellant used the ticket for a personal trip; and that the failure to inform the County beforehand was a failure "to correct the false impression that he previously created that the tickets would be used for county business."[4] *Id*.

Notably, the Court of Appeals never used the word "induce" in its opinion. The Court found what it considered to be deception but failed to connect the deception it found to any inducement to consent. Appellant's failure to communicate with the County in August, if it was indeed deception,[5] was irrelevant. Appellant only sought consent in February, at which point there was no

---

[4] In drawing this conclusion, the Court of Appeals failed to utilize a significant factor in the definition of deception: "that is likely to affect the judgment of another in the transaction." *See* TEX. PEN. CODE § 31.01(1)(B). This factor is present in each of the definitions of deception. *See id*. § 31.01(1). In August, there was no transaction with the County when Appellant used the credit, and so the judgment of the County was not implicated at all. This is just another way of stating the argument of this brief: there was no transaction; there was no deception against the County; there was no consent; thus, there was no inducement of consent by deception.

[5] Again, it does not matter if Appellant's actions in August were deceptive according to a common meaning of the term. As noted in footnote 4, the Legislature has defined deception for purposes of theft and decided that an action is deceptive only when it "is likely to affect the judgment of another in the transaction." *See* TEX. PEN. CODE § 31.01(1)(B).

7

deception. In August, Appellant did not seek or receive consent. His court coordinator gave the reservation number to his son. RR4: 32-33. Appellant booked the ticket himself. RR4: 91; SX 2. He did not inform anyone that he would be conducting any County business in Phoenix. RR4: 47-48, 51. He did not request or receive approval or consent from any other County official to use the voucher. RR4: 148. He did not inform the County upon his return that he had used the voucher. RR4: 92-96. The Court of Appeals emphasized this point as well: "Fernandez did not inform the county auditor's office that he used the credit to obtain these tickets for his personal use, nor did he reimburse the County for the credit when he returned." *Id*. At no point did the County rely in a substantial or material way on a deception when giving Appellant consent. *See Daugherty*, 387 S.W.3d at 659 n.18. In February, there was no deception; in August, there was no consent.

Deception only occurs in a theft-by-deception case when consent has been induced. *See* TEX. PEN. CODE §31.03(3)(A); *Daugherty*, 387 S.W.3d at 659 n.18. Alternatively, when there is no consent there can be no deception. A theft conviction may still be found, but not on an indictment charging theft by deception. The Court of Appeals erred in finding otherwise. This Court should reverse Court of Appeals, reverse the judgment of conviction, and order an acquittal.

8

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court reverse the judgment and opinion of the Court of Appeals and render a judgment of acquittal.

Appellant prays for any such further relief to which he may be entitled.

Respectfully submitted,

/s/ James Gerard McDermott, II

James Gerard McDermott, II
**Thompson Salinas Rickers & McDermott, LLP**
8140 N. Mopac
Westpark 4, Suite 250
Austin TX 78759
512.201.4099
512.298.1129 (facsimile)
james@centraltexaslawyers.com
*Attorney for Appellant*

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with Texas Rule of Appellate Procedure 9.4. The computer-generated word count for this document is 1936 words, including headers and footnotes.

/s/ James Gerard McDermott, II
James Gerard McDermott

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by electronic service on June 8, 2015 to:

Melissa Hargis
Assistant Attorney General
District Attorney Pro Tem
Office of the Attorney General
PO Box 12548
Austin TX 78711

Lisa C. McMinn
State Prosecuting Attorney
209 W. 14th Street
Austin, Texas 78701
information@spa.texas.gov

/s/ James Gerard McDermott, II
James Gerard McDermott